AMERICAN BANK OF PORT CLINTON v.

SETHMAN et

Ohio Appeals, 6th Dist., Ottawa Co.

No. 98. Decided Oct. 13, 1926

85. APPEAL—Overruling of a motion to set aside a judgment and decree of foreclosure is not such an order from which an appeal may be taken.

787. MORTGAGES—To render a judgment and decree on a claim of one lienholder, whose mortgage is uncontested, before the issues are raised on other liens are disposed of, rests in the sound judicial discretion of the trial court.

RICHARDS, J.

The original action was commenced in the Ottawa Common Pleas by the Bank for the purpose of foreclosing a mortgage against Clarence Sethman and wife, and the marshalling of liens on the premises. One O'Neal, one of the defendants, filed an answer and cross petition setting up a mortgage held by him on the same premises.

Sethman answered as against the Bank; but the claim of O'Neal was not controverted and judgment was entered in his favor by default on June 12, 1926 and an order of sale was issued thereon. On July 2, 1926, Sethman filed a motion to vacate the judgment and decree of foreclosure. Upon hearing, July 26, 1926, the motion was overruled and the appeal bond was fixed at $500. An appeal bond was filed by Sethman July 30, 1926.

The Bank filed a motion to dismiss the appeal bond for the reason that same was not filed within the time fixed by law. The Court of Appeals held:

1. It is apparent that the appeal bond was not filed within 30 days after the decree of foreclosure rendered on June 12, 1926.

2. The order of the court on July 26, 1926, overruling the motion to set aside the decree is not such an order from which an appeal may be taken.

3. If the right of appeal may be prolonged by filing a motion to set aside a final judgment at any time during the term in which it is rendered, then the limitation of 30 days as fixed by statute becomes meaningless.

4. The validity of the original judgment is objected to on the ground that it was rendered before disposition of the case on the issues made on claims of other lien holders.

5. To render a judgment and decree on the claim of one lienholder, whose mortgage is uncontested, before the issues raised on other liens are disposed of, rests in the sound judicial discretion of the trial court.

Motion to dismiss appeal sustained.

Attorneys—True, Crawford & True, Port Clinton, for Bank; Bayley, Lawrence & Beach, and Gates, Chenoweth & Blair, Cleveland, for Sethman et.